UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNE DAWSON,<br><br>        *Plaintiff,*<br><br>        v.<br><br>EQUITABLE HOLDINGS, INC.; and EQUITABLE FINANCIAL LIFE INSURANCE CO.,<br><br>        *Defendants*. | Civil Action No.: 26-cv-1026<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

    1.     Plaintiff Donne Dawson brings this action against Defendants Equitable Holdings, Inc. and Equitable Financial Life Insurance Company (collectively, "Equitable") for breach of contract, declaratory judgment, promissory estoppel, and equitable estoppel.

    2.     Through this action, Ms. Dawson seeks a declaration that she is the sole beneficiary of the life insurance policy issued to her brother, Christopher M. Dawson, who passed away in December 2024. Ms. Dawson also seeks an order requiring that Equitable pay her the full death benefit of the life insurance policy Mr. Dawson obtained from Equitable.

## JURISDICTION AND VENUE

    3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201–02.

    4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

    5.     Plaintiff Donne Dawson is the sister of Christopher Dawson, who died in December 2024. Ms. Dawson is also the Special Administrator of the Estate of Christopher Dawson, and she is a citizen and domiciliary of Honolulu, Hawaii.

6. Defendant Equitable Holdings, Inc. is a financial services company that sells, among other products, life insurance policies. Mr. Dawson purchased a life insurance policy from Equitable. Equitable Holdings, Inc. is a Delaware corporation with its principal place of business in New York, New York.

7. Defendant Equitable Financial Life Insurance Company is a New York corporation, which is wholly owned by Equitable Financial Services, LLC, which is a Delaware corporation that is wholly owned by Equitable Holdings.

## BACKGROUND

8. Christopher Dawson purchased a $2 million life insurance policy from Equitable. The policy was assigned number 107003744 and was issued on April 13, 2007. *See* Ex. A.[1]

9. Mr. Dawson submitted his application for this policy on February 15, 2007. *See* Ex. A at 35–42.[2]

10. In that application, Mr. Dawson stated that his sister, Plaintiff Donne Dawson, would be the 100% beneficiary of the policy. *See* Ex. A at 37. However, Mr. Dawson also errantly stated that another 50% beneficiary was his daughter, Kylie Arrell (now Kylie Putman). *See id.*

11. In its Policy Summary, which Equitable issued on April 13, 2007, Equitable listed Ms. Dawson as the sole beneficiary of the policy. *See* Ex. A at 2, 4. And Mr. Dawson signed that Summary on April 26, 2007, acknowledging Ms. Dawson as the sole beneficiary. *See id.* at 17.

---

[1] Certain private information has been redacted from this and other exhibits. Should the Court wish to receive unredacted versions of any exhibits, Plaintiff is prepared to provide such exhibits under seal or through an *ex parte* submission. Notably, because each redacted document is already in Defendants' possession, Defendants face no prejudice from the redactions.

[2] Page citations are the blue ECF filing line pagination.

12. Recognizing Mr. Dawson's intent that Plaintiff Donne Dawson be the 100% beneficiary, Equitable repeatedly represented that the life insurance policy had a single beneficiary. *See* Ex. A at 2; *see* Ex. C.

13. On December 19, 2024, Mr. Dawson tragically died.

14. Thereafter, Mr. Dawson's financial advisor Paul Soriano reported Mr. Dawson's death and received from Equitable one death claim packet. Equitable also informed Mr. Soriano that Donne Dawson was the sole beneficiary of Mr. Dawson's policy.

15. Donne Dawson completed the claim form and submitted it to Equitable.

16. After several months passed, Equitable informed Donne Dawson that the claim form was in good order and that the claim was undergoing final review.

17. In late August 2025, Mr. Soriano contacted Equitable to inquire about the status of the claim. Equitable's representative informed Mr. Soriano that the review was complete and that a check would be sent to Donne Dawson within 10 business days.

18. After 10 business days passed without receiving payment, Mr. Soriano contacted Equitable again about the status of the claim. Equitable informed Mr. Soriano—for the first time—that Equitable believed there was another beneficiary identified in the policy.

19. Mr. Soriano, Donne Dawson, and an Equitable representative spoke shortly thereafter, and the Equitable representative stated that if Donne Dawson could provide a document "on Equitable letterhead" identifying her as the sole beneficiary, Equitable would review that document.

20. Donne Dawson provided Equitable with the document attached hereto at Exhibit A, which lists her as the sole beneficiary.

21. Notwithstanding those materials, Equitable sent Donne Dawson only 50% of the policy amount, which Ms. Dawson received on October 10, 2025. *See* Ex. B at 2, 5.

22. The document accompanying the check stated that the remaining 50% was "due to other beneficiary." *See* Ex. B at 2.

23. Shortly thereafter, Ms. Dawson received a letter from Equitable Regional Vice President Brian Gibson. *See* Ex. C. In that letter, Mr. Gibson states that he is "at least surface aware of the situation, but please see the included statement." *Id.* at 3. Mr. Gibson continued, indicating that the statement he included showed that "[t]his is a valid policy, [and] you are the sole beneficiary." *Id.* Indeed, the only beneficiary named on the Equitable "Contract Information Report" Mr. Gibson attached is Donne Dawson. *See id.* at 2.

24. Ms. Dawson thereafter conferred with Mr. Gibson, who attempted to resolve Equitable's failure to pay the entire death benefit to Ms. Dawson as the sole beneficiary.

25. During this process, Mr. Gibson obtained an escalation number for this issue (ESC0025343), and Mr. Gibson was informed by another Equitable representative that Equitable's electronic records state that the policy has only "1 beneficiary."

26. However, that Equitable representative informed Mr. Gibson that other company representatives went back and reviewed Mr. Dawson's application and now determined—in December 2025—that the "original application had a mistake."

27. After several more discussions, Mr. Gibson was informed that Equitable's position is now that Mr. Dawson's life insurance policy has two beneficiaries.

28. Thereafter, Ms. Dawson's attorney contacted Equitable Senior Counsel Karen Chapman.

29. Ms. Chapman informed Ms. Dawson's attorney that Equitable is taking the position that there are two beneficiaries, and Ms. Dawson is entitled to only 50% of the death benefits.

30. With respect to the policy issued in 2007, which listed Ms. Dawson as the sole beneficiary, Ms. Chapman stated that it was the product of Equitable's "data entry error."

31. Moreover, Ms. Chapman informed Ms. Dawson's attorney that, upon receipt of a claim from the other purported beneficiary, Equitable will pay her the remaining 50% death benefit.

32. Because of Equitable's decision, Ms. Dawson and the entire Dawson family have suffered immensely.

33. Until shortly before his death, Mr. Dawson had run the Hawaiian Native Corporation ("HNC") and its subsidiary DAWSON companies. Those companies were highly successful, and they provided immense benefits for the Native Hawaiian people.

34. However, Mr. Dawson put people into leadership positions who he believed he could trust. Those people instead conspired to unlawfully force Mr. Dawson out of the company that he and his family had started.

35. They did so by cutting off Mr. Dawson's income and threatening civil and criminal liability if he did not walk away from HNC/DAWSON.

36. For the sake of his family, Mr. Dawson succumbed to their pressure.

37. This not only stripped Mr. Dawson of his income, but it also prevented him from continuing to support his mother Beatrice Leinā'ala Kanahele ("Beadie") Dawson who was born in 1929 and currently requires substantial assistance in her daily life.

38. After Mr. Dawson's untimely death, the responsibility to provide for Mr. Dawson's children and his mother has fallen primarily on Donne Dawson. Ms. Dawson is unable to do so

without the full death benefit, which Mr. Dawson and the Dawson family assumed would be paid to Donne Dawson upon Mr. Dawson's death. Indeed, Mr. Dawson stated on his life insurance application that he sought the insurance coverage for "family protection." *See* Ex. A at 40.

## COUNT I
### Breach of Contract

39. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

40. The life insurance policy is a contract entered into between Equitable and Mr. Dawson.

41. Ms. Dawson is the beneficiary of that contract.

42. To be operative, a beneficiary designation must be agreed to by the insurance company. *Brighthouse Life Ins. Co. of N.Y. v. Mosack*, No. 21-cv-6052 (PGG), 2023 WL 3901814, at *10 (S.D.N.Y. June 8, 2023); *accord William Penn Life Ins. Co. of N.Y. v. Viscuso*, 569 F. Supp. 2d 355, 364–66 (S.D.N.Y. 2008).

43. Accordingly, Mr. Dawson's life insurance contract with Equitable became operative when Equitable agreed to the beneficiary designation of Donne Dawson, which it did on April 13, 2007, as agreed to by Mr. Dawson on April 26, 2007. *See* Ex. A at 2, 4, 7.

44. Further confirming this understanding, Equitable's records repeatedly identified Ms. Dawson as the policy's sole beneficiary.

45. Pursuant to the April 13, 2007 policy, Mr. Dawson paid his monthly premiums until the time of his death in December 2024.

46. At the time of Mr. Dawson's death, the April 2007 policy was still in place, listing Ms. Dawson as the sole beneficiary. Additionally, at that time, Equitable's electronic records stated that Mr. Dawson's policy had a sole beneficiary, Ms. Dawson.

47. Months later, Equitable refused to perform its contractual obligation to pay Ms. Dawson the entire death benefit, which has substantially harmed Ms. Dawson and her ability to provide for the Dawson family.

48. Because a life insurance benefit vests immediately upon the insured's death, Equitable was precluded from attempting to amend or revise the contract after Mr. Dawson's death.

49. Accordingly, Equitable's refusal to pay Ms. Dawson the full death benefit constitutes a breach of contract.

## COUNT II
## Declaratory Judgment

50. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

51. As alleged above, at the time of his death, Mr. Dawson's life insurance policy listed Donne Dawson as the sole beneficiary.

52. At that same time, Equitable's electronic records identified Ms. Dawson as the sole beneficiary.

53. Equitable now attempts to amend the terms of the life insurance contract.

54. Because contracts cannot be amended unilaterally, Equitable's attempts to change the contractual terms are null and void.

55. Moreover, because a life insurance contract's benefits vest immediately upon the insured's death, a life insurance contract cannot be changed after death, and Equitable's attempts to change the contractual terms are null and void.

56. Accordingly, the Court should declare that Ms. Dawson is the sole beneficiary to Mr. Dawson's life insurance policy and order Equitable to comply with the contractual terms.

## COUNT III
## Promissory Estoppel

57. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

58. Equitable informed Mr. Dawson in April 2007 that Donne Dawson was the sole beneficiary of Mr. Dawson's life insurance policy.

59. As Mr. Dawson had substantial financial responsibilities for his family, this policy ensured that Ms. Dawson could assume those responsibilities in the event of Mr. Dawson's untimely death. And Ms. Dawson relied on that fact.

60. Because Equitable refuses to provide the full death benefits, Ms. Dawson has suffered financial harm by being unable to meet her family's needs. And that injury to Ms. Dawson and her elderly mother is an injustice that this Court must fix. Moreover, these dire circumstances plainly satisfy the requirement that Ms. Dawson identify extraordinary circumstances presented by Equitable's failure to abide by its promise.

61. Accordingly, the Court should order Equitable to abide by its promise and provide Ms. Dawson with the full death benefit.

## COUNT IV
## Equitable Estoppel

62. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

63. As alleged above, at the time of his death, Mr. Dawson's life insurance policy listed Donne Dawson as the sole beneficiary.

64. At that same time, Equitable's electronic records also identified Ms. Dawson as the sole beneficiary.

65. Equitable now attempts to amend the terms of the life insurance contract.

66. According to Equitable's representatives, Equitable purports to have made a "data entry error" when it informed Mr. Dawson that Ms. Dawson was the sole beneficiary of Mr. Dawson's life insurance policy.

67. Equitable is equitably estopped from taking a position that contradicts its own records and representations.

## PRAYER FOR RELIEF

WHEREFORE, Donne Dawson respectfully requests that this Court:

i. Declare that Donne Dawson is the sole beneficiary of Equitable life insurance policy 107003744.

ii. Declare that Equitable has breached its contractual obligations by failing to honor its contractual obligation to pay the full death benefit to Donne Dawson under Equitable life insurance policy 107003744.

iii. Declare that Equitable is subject to promissory and equitable estoppel, which prevent Equitable from continuing to take the position that Donne Dawson is not the sole beneficiary under Equitable life insurance policy 107003744.

iv. Order Equitable to immediately pay Donne Dawson the remaining 50% ($1 million) death benefit from Equitable life insurance policy 107003744.

v. Preliminarily and permanently enjoin Equitable from paying death benefits to any person other than Donne Dawson under Equitable life insurance policy 107003744.

vi. Grant Donne Dawson such other and further relief as this Court or a jury deems proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

February 5, 2026                                      Respectfully submitted,

/s/ *Brian J. Field*
H. Christopher Bartolomucci**
(D.C. Bar No. 453423)
Brian J. Field*
(D.C. Bar No. 985577)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
bfield@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com

**Pro hac vice* submitted
***Pro hac vice* forthcoming

*Counsel for Plaintiff*