## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DONNE DAWSON,<br><br>*Plaintiff,*<br><br>v.<br><br>EQUITABLE HOLDINGS, INC.;<br>and EQUITABLE FINANCIAL LIFE<br>INSURANCE CO.,<br><br>*Defendants.* | Civil Action No.: 1:26-CV-1026 (JAV)<br><br>**COUNTERCLAIM ANSWER** |
| EQUITABLE FINANCIAL LIFE<br>INSURANCE CO.,<br><br>*Counter Plaintiff /<br>Third-Party Plaintiff*<br><br>v.<br><br>DONNE DAWSON and<br>KYLIE PUTMAN a/k/a<br>KYLIE ARRELL,<br>*Counter Defendants /<br>Third-Party Defendants.* |  |

Counter-Defendant Donne Dawson ("Dawson") hereby answers the counterclaim of Counter-Plaintiff Equitable Financial Life Insurance Co. ("Equitable").

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Equitable cannot invoke interpleader to escape its breach of contract and promissory estoppel liability.

### Second Affirmative Defense

Equitable has waived any claim that Dawson is not the sole beneficiary of Christopher Dawson's life insurance policy.

### Third Affirmative Defense

Equitable is not a disinterested stakeholder, and thus interpleader is improper.

### Fourth Affirmative Defense

The doctrines of laches and unclean hands bar Equitable from claiming that Dawson is not the sole beneficiary of Christopher Dawson's life insurance policy.

### Fifth Affirmative Defense

Equitable is not entitled to attorneys' fees or costs.

## RESPONSES

1.    This paragraph contains Equitable's description of its counterclaim, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Dawson denies the allegations contained in this paragraph.

## PARTIES[1]

2.     Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

3.     Admitted.

4.     Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

## JURISDICTION AND VENUE

5.     This paragraph contains legal conclusions, not allegations of fact, to which no response is required.

6.     This paragraph contains legal conclusions, not allegations of fact, to which no response is required.

## FACTUAL ALLEGATIONS[2]

1.     Admitted. By way of further response, Dawson respectfully refers the Court to the cited document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

2.     This paragraph contains Equitable's characterization of the referenced document, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Dawson respectfully refers the Court to the referenced

---

[1] For ease of reference, Dawson refers hereafter to Equitable's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied

[2] This Answer uses the paragraph numbering included in Equitable's counterclaim, including mis-numbering and duplicate numbering.

document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

3. Denied.

4. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

5. Admitted.

6. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

7. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

8. Dawson admits she received correspondence from Equitable regarding death benefits from Mr. Dawson's life insurance policy with Equitable. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations contained in this paragraph.

9. Admitted.

10. Denied that Equitable processed Dawson's claim in full, but admits the remaining allegations contained in this paragraph.

11. Admitted. By way of further response, Dawson respectfully refers the Court to the referenced complaint (ECF No. 1) for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

4

13.    Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

14.    This paragraph contains legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Dawson denies.

7.    Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

## COUNTERCLAIM & THIRD PARTY CLAIM
### COUNT I
### Interpleader

8.    Dawson incorporates her responses to the foregoing paragraphs as if set forth fully herein.

9.    Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph. To the extent this paragraph contains legal conclusions, rather than allegations of fact, no response is required.

10.    Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph but also notes that Equitable has not paid benefits "to the person or entity who [is] lawfully entitled to receive the proceeds."

11.    This paragraph contains Equitable's characterization of its counterclaim, not allegations of fact, to which no response is required.

5

12. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

13. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph. To the extent this paragraph contains legal conclusions, rather than allegations of fact, no response is required.

14. Dawson lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph. To the extent this paragraph contains legal conclusions, rather than allegations of fact, no response is required.

15. Denied. Equitable is a required party.

16. Denied.

## PRAYER FOR RELIEF

The remaining portions of Equitable's counter claim contains its request for relief, to which no response is required. To the extent a response is deemed necessary, Dawson denies that Equitable is entitled to any relief whatsoever.

April 28, 2026

Respectfully submitted,

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci*
Brian J. Field*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
bfield@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Plaintiff*